UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN D. KELLY, III,

    Plaintiff,                                           Civil Action No. 18-CV-11949

vs.                                                  HON. BERNARD A. FRIEDMAN

UNITED STATES OF AMERICA,

    Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the Court on defendant's motion for summary judgment [docket entry 13]. Plaintiff has not responded to this motion, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff alleges that on October 12, 2016, he was injured when a mail carrier negligently backed a mail delivery truck into him, causing him to fall onto the pavement. Plaintiff alleges that his injuries "constitute a serious impairment of body function" under Michigan's no-fault act. Compl. ¶ 15. He seeks damages and attorney fees from the United States under the Federal Tort Claims Act ("FTCA").

Defendant argues that it is entitled to summary judgment because plaintiff did not suffer any injuries that are serious enough to constitute a "serious impairment of body function." The Court recently stated the legal standards applicable in such cases as follows:

> Pursuant to Federal Rule of Civil Procedure 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v.*

*Cuyahoga County Dep't of Children & Family Servs*., 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (internal quotations omitted). When considering the material facts on the record, a court must bear in mind that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

[Plaintiff] seeks non-economic damages resulting from the car accident under MCL 500.3135, the Michigan No Fault Act. Under the Federal Tort Claims Act, liability "is usually determined by referencing state law." *Premo v. United States*, 599 F.3d 540, 545 (6th Cir. 2010). Tort liability for non-economic loss under the Michigan No-Fault Act is limited to cases in which an injured party "has suffered death, serious impairment of body function, or permanent serious disfigurement" that was "caused by [the] ownership, maintenance, or use of a motor vehicle." MCL 500.3135(1). A "serious impairment of body function" means "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." MCL 500.3135(5); *McCormick v. Carrier*, 795 N.W.2d 517, 524 (2010). "[T]he threshold question whether the person has suffered a serious impairment of body function should be determined by the court as a matter of law as long as there is no factual dispute regarding 'the nature and extent of the person's injuries' that is material to determining whether the threshold standards are met." *Id*. at 525 (citing MCL 500.3135(2)(a)).

To be "objectively manifested," the impairment must be "evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *McCormick*, 795 N.W.2d at 527. To satisfy the "objective manifestation" prong, there must be a physical basis to support the

> subjective complaints of pain and suffering, which generally requires medical testimony. *See McCormick*, 795 N.W.2d at 528; *see also Reed v. Jones*, No. 2:16-CV-34, 2016 WL 6871183, at *1 (W.D. Mich. Nov. 22, 2016).
>
> Moreover, the plaintiff must "demonstrate a causal relationship between his injury and the accident." *Lopez-Garcia v. United States*, 207 F. Supp. 3d 753, 759 (E.D. Mich. 2016) (citing *Mehdi v. Gardner*, No. 319630, 2015 WL 1227710, at *2 (Mich. Ct. App. March 17, 2015)).

*Bayley v. United States*, No. CV 17-11942, 2018 WL 4901153, at *2-3 (E.D. Mich. Oct. 9, 2018).

The evidence in this matter plainly shows that plaintiff's injuries from the October 12 accident were not serious enough to be actionable under the no-fault act. And to the extent plaintiff has impairments, he has not shown that they were caused by the accident, as his medical records show that they were preexisting, degenerative conditions.

After the accident, plaintiff went home and took a nap. Def.'s Ex. 4. Afterwards, he sought emergency room treatment for pain in his elbows and right hip. *Id.* X-rays were negative. Plaintiff was given a "[w]ork note for 2 days" and ibuprofen. The diagnosis was "[m]uscle spasm." *Id.*

Nine days after the accident, plaintiff saw his primary care physician and "[c]omplain[ed] of low back pain," which he described as "dull." Def.'s Ex. 8. Plaintiff was diagnosed with osteoarthritis, lumbago, and muscle spasm of his back. *Id.* These are the same complaints and diagnoses noted by this physician's office from plaintiff's visits in June 2016, August 2016, and September 2016. *See* Def.'s Exs. 5-7. Plaintiff was advised to "[r]efrain from activities that aggravate back pain." Def.'s Ex. 8. The same complaints and diagnoses were noted in February 2017. *See* Def.'s Ex. 9.

Two weeks after the accident, plaintiff sought treatment at Concentra Medical

3

Centers, complaining of pain in his right hip, both elbows, and lower back. Def.'s Ex. 10. Plaintiff was diagnosed with contusion of his lower back, strain of his lumbar region, and contusion and sprain in his right hip. He was prescribed six physical therapy sessions and advised to use heat and ice. *Id.*

Approximately six weeks after the accident, plaintiff received a consultation from US MedGroup. Def.'s Ex. 11. His "chief complaint [was] radiating pain from the back into the leg with numbness and tingling, onset of symptoms was on 10/12/2016." *Id.* The physician suspected lumbar radiculopathy and ordered an MRI of plaintiff's lumbar spine. *Id.* An MRI conduced shortly thereafter showed

> L4-5 mild disc bulge. Disc dehydration. Likely chronic.
>
> Negative for neurally compressive disc displacement throughout lumbar spine.
>
> Negative for acute osseous stress injury or acute stress fracture.

*Id.* A board-certified radiologist, Dr. Khalik, who reviewed this MRI at defendant's request, opined that

> the original authored radiology report and my evaluation of the MRI examination of the lumbar spine failed to reveal evidence of an objective finding to suggest objective acute injury of the lumbar spine (as well as the visualized lower thoracic spine) as a result of the motor vehicle versus pedestrian accident of October 12, 2016. Only age-appropriate (44 years old in 2016) chronic longstanding degenerative changes are identified within the lumbar spine. Degenerative changes are part of the "normal ageing process" . . . . Therefore, the degenerative changes at the L4-L5 level described above would be part of the "normal aging process" for the claimant's age of 44 years old.

Def.'s Ex. 15.

Plaintiff also underwent two independent medical examinations, one in February

4

2017 at the request of the worker's compensation carrier (Def.'s Ex. 13), and another in August 2019 at defendant's request (Def.'s Ex. 14). The first concluded that "there was no pathology related to the date of injury," that "osteoarthritic changes in the spine as seen on MRI . . . are incidental findings and unrelated to the date of injury," and that plaintiff "is able to return to work at full duty, without restrictions." Def.'s Ex. 13. Similarly, the second concluded that "[t]here do not appear to be any objective findings that correlate with this individual's subjective complaints" and that the October 2016 accident "may have resulted in some sprains, strains, and contusions, but there is no evidence to suggest any residual pathology." Def.'s Ex. 14.

On this record, plaintiff has no cause of action under the no-fault act because he has no "serious impairment of a body function" that is "objectively manifested," as required by the Michigan Supreme Court's decision in *McCormick*. The medical evidence, which plaintiff has failed to counter and is therefore "undisputed for purposes of the motion," Fed. R. Civ. P. 56(e)(2), shows no impairment of any kind that can be linked to the October 2016 accident. Rather, the evidence shows conclusively that plaintiff has degenerative changes in his lumbar spine that are the result of the aging process (and which were noted repeatedly in plaintiff's medical records *before* the accident), not trauma traceable to the accident. Because plaintiff has no claim under the no-fault act, he has no claim against the United States under the FTCA. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted.

s/Bernard A. Friedman
Dated: October 31, 2019     BERNARD A. FRIEDMAN
     Detroit, Michigan     SENIOR UNITED STATES DISTRICT JUDGE

5